Filed 6/15/26  P. v. Copeland CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>KYLIE COPELAND,<br><br>　　Defendant and Appellant. | 2d Crim. No. B348192<br>(Super. Ct. No. 2024030594)<br>(Ventura County) |

Kylie Copeland appeals a judgment following her conviction after a jury trial of second degree robbery (Pen. Code,[1] § 211; count 1), two counts of resisting, obstructing and delaying a peace officer (§ 148, subd. (a)(1); counts 2 and 4), petty theft (§ 484, subd. (a); count 3), and bringing drugs into a penal institution (§ 4573, subd. (a); count 5).  The trial court suspended imposition of sentence and placed Copeland on formal probation for 24 months.

---

[1] All statutory references are to the Penal Code.

On the evening of November 15, 2024, Alexander Insalaco worked as an asset protection specialist for Home Depot.  He saw Copeland inside the store.  Copeland took three flashlights from a shelf, placed them in her cart, and walked into a different area of the store where she concealed one of the flashlights in her "waistband."  Insalaco then saw Copeland leave the store without paying for the items.

Insalaco followed Copeland outside the store and told her she "was detained for shoplifting."  Copeland gave him one flashlight, but "refused to surrender" the other two flashlights.  Insalaco called the police.  Police Officer John Grant arrived at the scene and advised her she was being detained for shoplifting.  Copeland "took off running."  The police chased her, eventually apprehended her, and placed her in handcuffs.   Copeland was transported to the Ventura County jail.

Julianne Abeloe, a deputy sheriff, performed a booking search of Copeland.  In Copeland's back right pocket were "baggies" of what appeared to be drugs.  The baggies contained .43 grams of methamphetamine, a usable quantity.

A few months later, on February 3, 2025, Cameron Mack worked as an asset protection investigator at Walmart.  He saw Copeland pick up store clothing items and put them in her cart.  Copeland later went into the fitting room with the merchandise and a large backpack.  She exited "with the backpack but no merchandise."  Mack checked the fitting room and saw no merchandise there.  Copeland attempted to leave the store through the "emergency exit" with unpaid merchandise.

Mack approached and confronted Copeland.  Copeland's dog, a large German Shepard, began aggressively barking.  Copeland told Mack, "If you don't get away from me, I'm going to

2

stick this fucking dog on you." Mack was "scared and frustrated." Copeland left the store with a cart containing unpaid store merchandise.

Mack and Ross Asmus, another Walmart asset protection employee, followed Copeland out of the store. Asmus grabbed the cart. Copeland used force to pull it away. Copeland's dog became aggressive. Asmus flipped the cart over "to get the dog out of it." The store's merchandise fell out. Copeland picked up her dog and "tried to force the dog into" Mack's "chest."

After the police were contacted, Police Officer Michael Whitelaw began a search for Copeland who had fled. A drone was deployed. The police located her and told her she was being detained. Copeland responded with "fuck you" and fled. Copeland was ultimately arrested.

We appointed counsel to represent Copeland on appeal. Counsel examined the record and filed an opening brief requesting that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On March 30, 2026, we sent a notice to the address on file for Copeland advising her that she had 30 days to submit any grounds for appeal, contentions, or arguments she wished us to consider. Copeland timely filed a supplemental brief.

In her brief, Copeland purports to challenge the sufficiency of the evidence. Copeland contends that she "did not commit a violation of [section] 211, nor did [she] use or threaten to use [her] dog as a weapon." These contentions are meritless. We review the record to draw all reasonable inferences in support of the judgment. We do not weigh the evidence, resolve evidentiary conflicts, or decide the credibility of the witnesses. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

Under section 211, robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (*Miller v. Superior Court* (2004) 115 Cal.App.4th 216, 221 (*Miller*).)  A defendant who shoplifts property and then uses force or threats to prevent store security officers from retaking the shoplifted items may be convicted of robbery. (*Id.* at pp. 223-224.)

Here, Copeland used the threat of releasing her aggressive dog on a store security officer.  Mack testified that Copeland threatened to use her dog against him to maintain possession of the shoplifted goods and flee from the store.  Mack's testimony about the threat and that it made him feel "scared and frustrated" is uncontradicted.  Copeland "tried to force the dog into" Mack's chest.  Copeland used force to pull the cart containing the stolen merchandise away from Asmus.  Substantial evidence supports the robbery conviction. (*Miller*, *supra*, 115 Cal.App.4th at p. 224.)

Substantial evidence also supports the conviction for bringing drugs into a penal institution. (§ 4573, subd. (a).)  Copeland claims she was "unaware of substances" on her person and "had no intention of bringing them into the jail."  But Deputy Abeloe's testimony that the drugs were found on Copeland's person during a booking search is uncontradicted.

We have reviewed the entire record and are satisfied that Copeland's counsel on appeal has fully complied with their responsibilities and that no arguable issue exists. (*Wende, supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

Derek D. Malan, Judge

Superior Court County of Ventura

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.
No appearance for Plaintiff and Respondent.